## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

ANDREW PERRONG, on behalf of himself
and others similarly situated,

        Plaintiff

vs.

COALITION FOR AMERICAN VETERANS
POLITICAL ACTION COMMITTEE

        Defendant.

Case No.

JURY TRIAL DEMANDED

---

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Andrew Perrong (Plaintiff) brings this action under the TCPA alleging that the Coalition for American Veterans Political Action Committee (CAV) commissioned a series of pre-recorded illegal telemarketing calls by sending automated calls to certain phone numbers, which is prohibited by the TCPA.

3.      The Plaintiff never consented to receive such calls, which were placed to him for polling purposes. Because polling campaigns generally place calls to hundreds of thousands or even millions of recipients *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal automated calls from or on behalf of Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal calling and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Andrew Perrong is a Pennsylvania resident.

6.      Defendant Coalition for American Veterans Political Action Committee is a federally registered Political Action Committee which is registered with the Federal Election Commission at 499 South Capitol St. SW, Suite 405 in Washington, DC 20003.

## Jurisdiction

7.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (codified at 47 U.S.C. § 227).

The TCPA Prohibits all Automated Calls To Protected Numbers

10.     The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice . . . to any

telephone number assigned to a paging service, cellular telephone service, specialized

mobile radio service, or other radio common carrier service, or any service for which the

called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.     Congress singled out these services for special protection either because

Congress realized their special importance in terms of consumer privacy and therefore

protected them (as in the case of cellular phones), or because the numbers are assigned to

services, like Mr. Perrong's VoIP service, for which the called party is charged, thus

shifting the cost of automated or prerecorded telephone calls onto consumers. *See

Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. July 15, 2021).

12.     According to findings by the Federal Communication Commission

("FCC"), the agency Congress vested with authority to issue regulations implementing

the TCPA, such calls are prohibited because, as Congress found, automated or

prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls,

and such calls can be costly and inconvenient.

13.     The TCPA provides a private cause of action to persons who receive calls

in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or *any* service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. July 15, 2021).

15.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes political and survey calls. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

## Factual Allegations

16.     Defendant CAV is a political action committee (PAC) which has as its stated goal "support[ing] candidates that stand up for veterans" and "defeat[ing] the do-nothing Democrats." Coalition for American Veterans, https://coalitionforamericanveterans.com/ [https://archive.vn/jjA5C].

17.     In reality, Defendant is another one in a long line of "scam PACs, slang among critics for political action committees that purport to support worthy causes but in reality hand over little of the money for political – or charitable – purposes." Jarrett Renshaw & Joseph Tanfani, *'Scam PAC' Fundraisers Reap Millions in the Name of*

*Heart-Tugging Causes*, REUTERS (Jan. 29, 2020, 3:45 PM),

https://www.reuters.com/investigates/special-report/usa-fundraisers-scampacs/.

18.     According to public records, CAV spent 91% of its money on fundraising

expenses, spent only 3% of its money on supporting political candidates, and contributed

nothing to veterans groups. *Id.*

19.     CAV uses telemarketing to solicit potential contributors, who are then sent

a "pledge kit" in the mail to make their donations.

20.     One of the strategies used by Defendant involves the use of pre-recorded

calls to solicit potential donors.

21.     The Plaintiff did not consent to receive these calls and his number is on

the National Do Not Call Registry.

### The Calls to Mr. Perrong

22.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

23.     Plaintiff has a private telephone number of (215) 947-XXXX (the

"Number").

24.     The Plaintiff is charged per minute for each call placed to that number.

25.     The number is not associated with any business.

26.     The number is on both the Federal and Pennsylvania State Do-Not-Call

registries and was on such registries for more than thirty-one days prior to the calls.

27.     The number is used for Mr. Perrong's personal residential use.

28.     That Number, which is assigned to a VoIP telephone service, is charged

for each call it receives.

29.     The service charges a ring charge of $0.005 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

30.     The service also charges a per-minute charge of $0.004 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

31.     The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any calls placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

32.     CAV placed at least three calls to Plaintiff between July 23, 2020 and August 8, 2020.

33.     Each call came from the caller ID 445-400-2985.

34.     Each call began by playing a series of pre-recorded messages.

35.     Defendant was not identified in the series of pre-recorded messages, so the Plaintiff responded to request a "pledge kit" to be mailed to him.

36.     The Plaintiff never provided his consent or requested these calls.

37.     The Plaintiff subsequently received a "pledge kit" in the mail from the Defendant, Coalition for American Veterans Political Action Committee, which matched the information the Plaintiff provided during the call.

38.     Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing

calls and his privacy was improperly invaded. The Plaintiff was charged for the calls.

Moreover, these calls injured Plaintiff because they were frustrating, obnoxious,

annoying, were a nuisance and disturbed the solitude of Plaintiff.

## Class Action Allegations

39.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities

similarly situated throughout the United States.

40.     The classes of persons Plaintiff proposes to represent is tentatively defined

as:

> All persons within the United States to whom: (a) Defendant and/or a third
> party acting on their behalf, made one or more non-emergency telephone
> calls; (b) to their telephone number for which they are charged per call or
> cellular telephone number; (c) using the same or similar recorded message
> used to contact Plaintiff's Number; and (d) at any time in the period that
> begins four years before the date of the filing of this Complaint to trial.

41.     Excluded from the classes are the Defendant, and any entities in which the

Defendant has a controlling interest, the Defendant's agents and employees, any judge to

whom this action is assigned and any member of such judge's staff and immediate

family.

42.     The class as defined above is identifiable through phone records and

phone number databases.

43.     The potential class members number at least in the thousands, since

automated calling campaigns make calls to hundreds or thousands of individual a day.

Individual joinder of these persons is impracticable.

44.     Plaintiff Perrong is a member of the class.

45.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

- Whether Defendant violated the TCPA by using pre-recorded message technology to call telephone numbers of class members;

- Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

- Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

46.     Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

47.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of

adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

50.     The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

51.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA's Prohibition Against Automated Calling
### Via Pre-Recorded Message

52.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the  telephone number(s) of Plaintiff using an artificial or prerecorded voice.

54.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

56.     The Defendant's violations were willful and/or knowing.

WHEREFORE, for himself and all class members, Plaintiff request the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers using an artificial or prerecorded voice.

C.     Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative Class members $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

D.     An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.     Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/*

Anthony I. Paronich
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*


   /s/ Meredith Kinner                
Meredith Kinner D.C. Bar No. 1024953
Kinner & McGowan, PLLC
413 East Capitol St., SE
Washington, D.C. 20003
(202) 846-7148
mkinner@kinnermcgowan.com

*Attorneys for Plaintiff(s)*